Beevaed, J.
My opinion in this case is, that the defendant is entitled to what he claims by the motion submitted; and my reasons for this opinion are these:
The words which are proved to have been spoken, when taken altogether, and considered in relation to the subject matter, or cause *39 and occasion of speaking thenij appear not to be actionable; as they do not import a charge of felony, or any criminal eonduct for which the party charged could be prosecuted, and subjected to legal punishment. They only charge a breach of trust.
In the argument on this motion, it was stated, and not denied, that the judge who presided at the trial, in his charge to the jury, intimated a doubt, whether the doctrine of the law of England, on this point, ought to be recognized in this country; and further, that he suggested to the jury, that some persons present at the publication of the words, might not have heard all the words which wfere spoken on the occasion, but only such ^¡s were calculated to convey an imputation of felony; and if so, the words thus heard might be actionable. t
I am not prepared to say, that there may not happen cases in this country in which it might be proper to hold, that words, which if spoken in England, would not be actionable there, ought to be adjudged actionable here ; but in the present case, I am of opinion that the English law, on the point in question, is, and ought to be, the governing rule. I am, therefore, bound to say, that the observations of the judge to the jury on this head, were incorrect, and may have misled them.
It was still more incorrect to intimate, (as it seems from the statement presented to this court, which has not been objected to, that the judge, in his charge to the jury, did,) that words, not actionable in themselves, when fully heard, and perfectly understood, may, nevertheless, support an action for defamation, if they should be imperfectly heard, and not rightly understood. The same statement ascribes to the judge a still more unreasonable and extravagant idea, namely, that a jury are at liberty to presume that part of the words spoken, which might seem to impute a slanderous charge, might have been heard by some of the persons who were present, who might not have heard the additional or accompanying words, or expressions, which were uttered on the same occasion, and by which the otherwise seemingly offensive and injurious words were explained, and their true meaning disclosed; and that such presumption or conjecture will authorize a verdict against the speaker of innocent words, uttered with the most friendly intentions. This doctrine would make the right of action depend, not on what was said or intended, but on \vhat may be conjectured to have been misunderstood.
I incline to think, that the observations of the judge were not distinctly heard, or clearly understood. But if I am right in this *40 conÍecture> st*^ there ought to be a new trial, as it is probable he was understood by the jury as he was by the counsel.
C11 May, 1813, the cause was ¿gain tried before Brevard, J., and a verdict givenfor the plaintiff.] — Éd.
The COURT granted a new trial.